UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HELEN L. LLOYD,

      Plaintiff,

v.                                            CASE No. 8:11-CV-2257-T-33TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____

## REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[*]   Because the decision of the Commissioner of Social Security fails to evaluate an alleged mental functional limitation of dealing with co-workers and supervisors, I recommend that the decision be reversed and the matter remanded for further proceedings.

I.

The plaintiff, who was fifty years old at the time of the administrative hearing and who has a high school education and some

---

[*]This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

college, has worked as a cashier and a grocery bagger (Tr. 25, 158, 161). She

filed claims for Social Security disability benefits and supplemental security

income, alleging that she became disabled due to panic attacks, depression,

bipolar disorder, and social anxiety (Tr. 157). The claims were denied

initially and upon reconsideration.

The plaintiff requested a <u>de novo</u> hearing before an

administrative law judge. The law judge found that the plaintiff had severe

impairments of bipolar disorder, anxiety disorder, anemia, and

hypothyroidism (Tr. 12). He concluded that, despite her impairments, the

plaintiff could perform light work involving simple one-to-four step tasks and

only occasional contact with the public (Tr. 15). The law judge determined

that, with these limitations, the plaintiff could not return to her past work (Tr.

17). However, based on the testimony of a vocational expert, the law judge

concluded that jobs exist in significant numbers in the national economy that

the plaintiff could perform, such as small products assembler, bench

assembler, produce sorter or grader (Tr. 18). The law judge therefore decided

that the plaintiff was not disabled (<u>id</u>.). The Appeals Council let the decision

of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."   42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record

compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff asserts several challenges to the law judge's assessment of her mental impairments.  One of them warrants reversal.

As indicated, the law judge found that the plaintiff had severe mental impairments of bipolar disorder and anxiety disorder, which caused moderate difficulties in social functioning and concentration, persistence, or pace (Tr. 12, 14).  To accommodate for these impairments, the law judge included in the plaintiff's residual functional capacity limitations to jobs with one-to-four step tasks and only occasional contact with the public.

The plaintiff contends that the law judge failed to evaluate whether her social phobia is a severe impairment (Doc. 20, pp. 16-17).  She asserts further in that same contention that the law judge should have included in his residual functional capacity assessment functional limitations regarding dealing with co-workers and supervisors (id.).  These contentions have merit.

The plaintiff testified at the hearing that she was unable to work due to mental problems.  She testified that she isolates herself, and suffers from anxiety and panic attacks that are precipitated by, among other things,

interaction with people (Tr. 33, 36, 38; <u>see</u> <u>also</u> Tr. 171, 207, 219). The plaintiff added that she experiences anxiety while working, and that she was terminated from her last job due to a yelling confrontation with her manager (Tr. 34). The plaintiff also reported to consultative examiner Jeremy Zehr, a licensed psychologist, that she has trouble getting along with others, and that she would either quit, or get fired from, jobs due to anger and anxiety (Tr. 273-74). The plaintiff's roommate gave comparable testimony at the administrative hearing, and stated in a report to the Social Security Administration that "[e]very job [the plaintiff] has had she gets fired from because she can't follow directions or get along with people" (Tr. 41-43, 199; <u>see</u> <u>also</u> Tr. 229-30).

Dr. Zehr diagnosed the plaintiff as suffering from bipolar II disorder, generalized anxiety disorder, and social phobia (Tr. 276). Dr. Arthur Hamlin and Dr. Keith Bauer, non-examining reviewing psychologists, opined that these impairments caused moderate limitations in social functioning (Tr. 292, 294, 306). Specifically, Dr. Bauer opined that the plaintiff was moderately limited in her ability to interact appropriately with the public, and both Dr. Bauer and Dr. Hamlin opined that the plaintiff was

-6-

moderately limited in her "ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes" (Tr. 279, 311). Dr. Bauer added that the plaintiff would therefore work best in an environment with "reduced interpersonal demands" (Tr. 280). Dr. Hamlin similarly expressed that the plaintiff should work in a "setting with reduced social demands" (Tr. 312). There were no opinions from treating medical sources as to the plaintiff's functional limitations.

The law judge stated that he gave Dr. Zehr's opinion "significant weight ... as it is supported by the record as a whole" (Tr. 16). However, the law judge did not evaluate Dr. Zehr's diagnosis that the plaintiff suffers from social phobia (see Tr. 276). Although the law judge mentions in his decision Dr. Zehr's diagnosis of social phobia (Tr. 13), he does not discuss whether the plaintiff's social phobia is a severe impairment. This is a significant piece of impairment evidence that the law judge is obligated to evaluate.

The defendant argues, essentially, that this is a harmless error because the mere presence of this impairment does not render the plaintiff disabled (Doc. 21, p. 5). The defendant is correct that disability is not determined by the diagnosis of an impairment. Wind v. Barnhart, 133 Fed

Appx. 684, 690 (11th Cir. 2005). Rather, disability is determined by functional limitations from an impairment. Moore v. Barnhart, 405 F.3d 1208, 1213 n. 6 (11th Cir. 2005); McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986).

In this case, Dr. Zehr, as well as the reviewing psychologists, opined that the plaintiff has impairments of bipolar disorder, anxiety disorder, and social phobia (see Tr. 276, 285, 287, 299, 301). The three psychologists seem to treat these impairments as related and overlapping.

The law judge found that the plaintiff's mental impairments imposed a functional limitation of "only occasional contact with the public" (Tr. 15). Under the circumstances, the failure to discuss the impairment of social phobia would be reversible error only if the plaintiff had additional functional limitations that were not included in her residual functional capacity. Moreover, it would not make any difference if the additional functional limitations resulted from the plaintiff's social phobia, her anxiety disorder, or a combination of both. In short, this contention does not turn on the failure to discuss the impairment of social phobia, but on whether the

plaintiff has functional limitations from any of her mental impairments that are not included in the finding of the residual functional capacity.

There is evidence in this case indicating a need for additional functional limitations. Thus, the plaintiff testified that, due to her anxiety disorder, she had a verbal confrontation with her supervisor that got her fired (Tr. 34). Her roommate testified that she called the plaintiff's boss once-a-week because "[the plaintiff] had gotten angry with other people that were working with her" (Tr. 42) and stated that "[e]very job [the plaintiff] has had she gets fired from because she can't follow directions or get along with people" (Tr. 199).

In addition, each of the reviewing psychologists opined that the plaintiff was moderately limited in her ability to get along with co-workers (Tr. 279, 311). Dr. Bauer also said that the plaintiff would work best in an environment with reduced interpersonal demands (Tr. 280), while Dr. Hamlin stated that the plaintiff should work "in a structured setting, with reduced social demands" (Tr. 312).

The record therefore contains evidence indicating that, due to mental impairments, the plaintiff had limitations in dealing with supervisors

and with co-workers.  The law judge did not evaluate this evidence and thus did not provide an explanation why he did not include such functional limitations in his determination of the plaintiff's residual functional capacity.

Importantly, the law judge must state specifically the weight accorded each item of impairment evidence and the reasons for his decision on that evidence. Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986). The failure to do so constitutes reversible error. Id.

It is recognized that the law judge imposed a limitation to occasional contact with the public.  That, however, does not account for a limited ability to deal with supervisors and co-workers, as these interactions are distinct from contact with the public. See Field v. Astrue, 2011 WL 2469587 at *4 (N.D. Tex. 2011)(unpub. dec.); Stearns v. Astrue, 2010 WL 1072828 at *6 (N.D. Tex. 2010)(unpub. dec.).  Consequently, the limitation on contact with the public does not remedy the deficiency in considering whether the plaintiff has limitations in dealing with supervisors and co-workers.

The plaintiff asserted several other challenges.  Since the matter is being remanded for further consideration, these arguments are properly pretermitted since there is likely to be a new decision on remand.

IV.

For the foregoing reasons, the decision of the Commissioner fails adequately, and reasonably, to assess all of the pertinent impairment evidence. I, therefore, recommend that the decision be reversed and the matter remanded for further consideration.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: SEPTEMBER ᴣᴏ, 2012

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. 636(b)(1).